

**REX S. HEINKE**
310.229.1030/fax: 310.229.1001
rheinke@akingump.com

June 28, 2013

VIA ECF

The Honorable Ralph K. Winter
The Honorable José A. Cabranes
The Honorable Chester J. Straub
United States Court of Appeals for the Second Circuit
Thurgood Marshall United States Courthouse
40 Foley Square
New York, NY  10007

> Re:   *Stephanie Sutherland v. Ernst & Young LLP* (No. 12-304)
>        Supplemental Letter Brief

Dear Judge Winter, Judge Cabranes, and Judge Straub:

Pursuant to this Court's order dated June 21, 2013, Ernst & Young submits this supplemental letter brief regarding the effect of the Supreme Court's decision in *American Express v. Italian Colors Restaurant, et al.*, No. 12-133 (U.S., June 20, 2013), which reversed this Circuit's decision in *In re American Express Merchants' Litigation*, 667 F.3d 204 (2d Cir. 2012) ("*AmEx III*"), on the issues in this case.

In *AmEx III*, this Circuit stood by the conclusion and analysis of its two earlier decisions in the same case—*In re American Express Merchants' Litigation*, 554 F.3d 300 (2d Cir. 2009) ("*AmEx I*"), and *In re American Express Merchants' Litigation*, 634 F.3d 187 (2d Cir. 2011) ("*AmEx II*")—both of which had reversed a district court order granting a motion to compel arbitration and held that the arbitration agreement's class waiver provision was unenforceable because the plaintiffs' evidence established that "the cost of plaintiffs' individually arbitrating their dispute with AmEx would be prohibitive, effectively depriving plaintiffs of the statutory protections of the antitrust laws."  *AmEx III*, 667 F.3d at 217.

The Supreme Court reversed, holding that the Federal Arbitration Act (FAA) did not permit this Circuit to apply the judge-made "effective vindication" exception to invalidate the parties' agreement to arbitrate because "the fact that it is not worth the expense involved in *proving* a statutory remedy does not constitute the elimination of the *right to pursue* that remedy."  Slip Op. 7 (original emphasis).



The Honorable Ralph K. Winter
The Honorable José A. Cabranes
The Honorable Chester J. Straub
United States Court of Appeals for the Second Circuit
June 28, 2013
Page 2

1. **The Supreme Court's Decision In *AmEx* Mandates The Reversal Of The District Court's Order Denying Ernst & Young's Motion To Compel Arbitration.**

The *sole ground* on which the district court declined to enforce Sutherland's agreement to arbitrate was its determination that—"pursuant to" this Circuit's decision in *AmEx*—Sutherland's showing that the cost of individually arbitrating her federal statutory claim could exceed her potential recovery rendered her arbitration agreement unenforceable. JA 235.

Specifically, in denying Ernst & Young's motion to compel arbitration, the district court "applie[d] the test adopted in *AmEx I* to determine the enforceability of the class waiver provision" in Sutherland's agreement to arbitrate, rejected Ernst & Young's arguments that *AmEx I* was distinguishable, and found that "the class waiver provision here at issue [wa]s unenforceable because it prevents Sutherland from vindicating her statutory rights. *See AmEx I*." JA 239-44.

In denying Ernst & Young's subsequent motion for reconsideration, the district court reiterated that it was "relying on *AmEx I and II*" when it "denied Ernst & Young's motion to compel arbitration on the grounds that the class waiver provision in the arbitration agreement precluded Sutherland from enforcing her statutory rights." JA 252. It considered the situation Sutherland faced to be "very similar to" or "parallel to" that of the plaintiffs in *AmEx*. JA 250, 252.

The Supreme Court has now reversed *AmEx III*. In doing so, the Supreme Court reaffirmed that the FAA "reflects the overarching principle that arbitration is a matter of contract" and "consistent with [the FAA's] text, courts must 'rigorously enforce' arbitration agreements according to their terms." Slip. Op. 3. Because the district court's decision (just like this Circuit's decision in *AmEx*) was inconsistent with the FAA's mandate, it cannot stand.

Although the Supreme Court acknowledged that there may be some circumstances where the judge-made "effective vindication" of federal statutory rights exception might still apply—such as to an arbitration agreement "forbidding the assertion of certain statutory rights" or imposing "filing and administrative fees attached to arbitration that are so high as to make access to the forum impracticable"—none is present here. Sutherland is fully able to pursue her



The Honorable Ralph K. Winter
The Honorable José A. Cabranes
The Honorable Chester J. Straub
United States Court of Appeals for the Second Circuit
June 28, 2013
Page 3

individual statutory claims in arbitration. Ernst & Young has agreed to pay all arbitration-related costs (AOB 23 n.5; Reply 9), and all of Sutherland's alleged costs (including all estimated expert witness fees, which she has not alleged she actually needs to prove her claims) are recoverable should she prevail (AOB 23-33; Reply 9).[1]

Therefore, in addition to Ernst & Young's argument on appeal that the district court erred in its application of the *AmEx* rule (AOB 16-36; Reply 4-12), the district court decision should be reversed because the Supreme Court has now squarely rejected that rule as inconsistent with the FAA.

> **2.  The Supreme Court's Decision In *AmEx* Also Undermines Sutherland's Alternate Grounds For Affirmance.**

In upholding the class waiver provision in *AmEx* under the FAA, the Supreme Court also rejected the plaintiffs' argument that requiring them to litigate their claims individually would contravene the policies of the antitrust laws. Slip. Op. 4-5.

In so holding, the Supreme Court reaffirmed the principle it considered and applied last year in *CompuCredit Corp. v. Greenwood*, 132 S. Ct. 665 (2012)—that the FAA's mandate that courts "'rigorously enforce' arbitration agreements according to their terms" "holds true for claims that allege a violation of a federal statute, unless the FAA's mandate has been 'overridden by a contrary congressional command.'" Slip. Op. 3-4 (quotations omitted). The Supreme Court rejected the plaintiffs' argument that the "policies" of the federal antitrust laws precluded enforcement of the class waiver because the Court held that the "[t]he antitrust laws do not 'evinc[e] an intention to preclude a waiver' of class-action procedure." Slip. Op. 4 (quoting *Mitsubishi Motors Corp. v. Soler Chrysler-Plymouth, Inc.*, 473 U.S. 614, 628 (1985)).

---

[1] In addition, the Supreme Court confirmed that, even where applicable, the "effective vindication" of rights exception is concerned only with claims arising under federal law. Slip. Op. 5; *see also* Dissent Op. 1 (Kagan, J., dissenting). The district court therefore also erred in failing to compel individual arbitration of Sutherland's New York Labor Law claim under this doctrine. *See* AOB 36-39; Reply 12-16.



The Honorable Ralph K. Winter
The Honorable José A. Cabranes
The Honorable Chester J. Straub
United States Court of Appeals for the Second Circuit
June 28, 2013
Page 4

The same reasoning also eliminates Sutherland's alternative grounds for affirmance: (1) that the Fair Labor Standards Act ("FLSA") renders class waivers impermissible (RB 42-52; Reply 17-26), and (2) that the National Labor Relations Board's decision in *D.R. Horton Inc.*, 357 NLRB No. 184, 2012 WL 36274 (Jan. 3, 2012), requires holding the arbitration agreement unenforceable (AOB 39-59; RB 54-58; Reply 29-30).[2]

First, as to her argument based on the FLSA, Sutherland has failed to identify anything in the text or legislative history of the statute that evinces any congressional intent to prohibit employees from agreeing to individually arbitrate FLSA claims.  *See* Reply 17-26; *see also Owen v. Bristol Care, Inc.*, 702 F.3d 1050, 1055 (8th Cir. 2013) (joining "circuits that have held that arbitration agreements containing class waivers are enforceable in claims brought under the FLSA" after determining there is an "absence of any 'contrary congressional command' from the FLSA that a right to engage in class actions overrides the mandate of the FAA in favor of arbitration"); *Dixon v. NBCUniversal Media, LLC*, -- F. Supp. 2d --, 2013 WL 2355521, at *9 (S.D.N.Y. May 28, 2013) ("Those circuits that have addressed the issue have each found nothing in the text of the FLSA, its legislative history, or any inherent conflict between arbitration and the FLSA's purpose, that would indicate congressional intent to preclude waiver of FLSA collective action claims.").

The Supreme Court's decision also forecloses Sutherland's argument that the FLSA's collective action provision creates a substantive right (rather than a merely procedural mechanism) that cannot be waived.  RB 50; Reply 21-26.  In upholding the agreement's class waiver, the Supreme Court expressly acknowledged that, in its decision in *Gilmer v. Interstate/Johnson Lane Corp.*, 500 U.S. 20 (1991), the Court "had no qualms in enforcing a class waiver in an arbitration agreement even though the federal statute at issue, the Age Discrimination in Employment Act [ADEA], expressly permitted collective actions."  Slip Op. 8.  The collective action provision in the ADEA is the FLSA collective action provision, which the ADEA expressly adopted.  Reply 22 (citing *McKennon v. Nashville Banner Publ'g Co.*, 513

---

[2] Sutherland's third alternate ground for affirmance—her assertion that Ernst & Young, by appearing in this litigation and answering Sutherland's complaint before promptly moving to compel arbitration, waived its right to arbitrate (RB 52-54)—is entirely without merit for the reasons previously discussed.  *See* Reply 26-29.



The Honorable Ralph K. Winter
The Honorable José A. Cabranes
The Honorable Chester J. Straub
United States Court of Appeals for the Second Circuit
June 28, 2013
Page 5


U.S. 352, 357 (1995)).  Accordingly, the Supreme Court's conclusion applies with equal force to the FLSA.

      Second, as to Sutherland's argument based on *D.R. Horton*—assuming this Court were to consider this argument notwithstanding her failure to raise it below (Reply 41-44)—Sutherland fails to identify any "contrary congressional command" in the National Labor Relations Act or the Norris-LaGuardia Act that renders her agreement to arbitrate unenforceable.  *See* AOB 39-59; RB 54-58; Reply 29-30.  Sutherland's reliance on *D.R. Horton*—a decision that has been rejected by the "overwhelming majority" of courts that have considered it, *Dixon*, 2013 WL 2355521, at *9 n.11—fails to satisfy her burden because that decision was based on flawed reasoning, contradicted the well-established policies of the FAA, and is entitled to no deference.  *See* AOB 45-57.

      Sutherland's agreement to arbitrate, therefore, must be enforced.  In accordance with the Supreme Court's decision in *AmEx*, this Court should reverse the order of the district court denying Ernst & Young's motion to compel arbitration and remand the case to the district court with direction to order Sutherland's individual claims be submitted to arbitration.

                                              Respectfully submitted,

                                              /s Rex S. Heinke

                                              Attorneys for Defendant and Appellant Ernst & Young LLP

## CERTIFICATE OF SERVICE

       I hereby certify that I electronically filed the foregoing Supplemental Letter Brief with the Clerk of the Court for the United States Court of Appeals for the Second Circuit by using the appellate CM/ECF system on June 28, 2013.

       I certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the appellate CM/ECF system.

       *s/ Rex S. Heinke*